# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| MAULINKUMAR M. RAO,<br>　*Plaintiff* | §<br>§<br>§<br>§<br>§ | |
| v. | §<br>§<br>§ | CASE NUMBER: 1:22-cv-00096<br><br>DEMAND FOR JURY TRIAL |
| MIDLAND CREDIT<br>MANAGEMENT, INC.,<br>　*Defendant.* | §<br>§<br>§<br>§ | |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

1. Plaintiff, Maulinkumar M. Rao ("Plaintiff" or "Rao" herein), brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") for violations of the FDCPA against Defendant, Midland Credit Management, Inc. ("Midland" or "Defendant" herein).

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1331 and §1337(a).

3. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendant transacts business in this district.

## STANDING

4.  Plaintiff has suffered an injury in fact that is traceable to Midland's conduct

and that is likely to be redressed by a favorable decision in this matter.

5.  Plaintiff suffered a concrete economic injury to the extent that he has viable claims under

the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692, *et seq*.

## THE PARTIES

6.  Plaintiff, Maulinkumar M. Rao, is an individual who resides in Williamson

County, Texas.

7.  Defendant, Midland Credit Management, Inc., is a foreign corporation which

is authorized to do business in Texas. Service may be completed on the following registered

agent:

> Corporation Service Company D/B/A CSC-Lawyers Incorporated
> 211 E. 7th Street, Suite #620
> Austin, Texas 78701

## FACTUAL ALLEGATIONS

8.  Plaintiff is a "consumer" as that term is defined by §1692a(3) of the FDCPA.

9.  Plaintiff incurred an alleged debt for goods and services used for personal, family or

household purposes, originally relating to Citibank, N.A. ("Alleged Debt").

10.  The Alleged Debt(s) is a "debt" as that term is defined by §1692a(5) of the FDCPA.

11.  Due to his financial circumstances, Plaintiff could not pay the Alleged Debt(s), and it

subsequently went into default.

12.  The Alleged Debt(s) was subsequently acquired by Midland sometime thereafter.

13. Midland regularly collects or attempts to collect defaulted consumer debts using the telephone and mails.

14. Midland is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6) of the FDCPA.

15. On or about January 28, 2021, Midland commenced a lawsuit ("Lawsuit" herein) in Williamson County Justice of the Peace Precinct #1 against Plaintiff with regards to the Alleged Debt: styled Midland Credit Management, Inc. v. Maulinkumar M. Rao, Cause Number #1JC-21-0135, Williamson County Justice of the Peace #1.

16. Plaintiff, by and through the undersigned counsel, subsequently filed an answer in Travis County Court and served a copy of the answer on counsel for Midland.

17. The parties have subsequently engaged in discovery in the lawsuit and Plaintiff has continued to dispute the merits of the Lawsuit.

18. As recently as of December 14, 2021, Midland reported information regarding Plaintiff's Alleged Debt to at least one credit bureau, Experian.

19. On or about January 5, 2022, the undersigned counsel served a letter and a formal dispute of the Alleged Debt to counsel for Midland by both electronic service and fax transmission ("Letter" herein and referred to as Exhibit A incorporated by reference in this pleading).

20. However, on or about January 18, 2022, Midland communicated to Experian information regarding the Alleged Debt, but Midland failed to communicate that there was a dispute of the Alleged Debt.

21. The communication to Experian was a "communication" as that term is defined in 15 U.S.C. §1692a(2).

### COUNT I—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT- 15 U.S.C. §1692 c

22. Plaintiff re-alleges the above-referenced paragraphs.

23. 15 U.S.C. §1692(e) of the FDCPA provides as follows:

> **False or misleading representations**
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed;**

24. Midland violated section e(8) by transmitting incorrect information related to the amount of the Alleged Debt to Experian on or about January 18, 2022, in so much as Midland failed to communicate the dispute of the Alleged Debt. Moreover, Midland has been aware of the fact that Plaintiff continued to dispute the Alleged Debt during the pendency of the Lawsuit.

25. The FDCPA is a strict liability statute, and only one violation of the FDCPA is necessary to establish civil liability. *See In re Eastman*, 419 B.R. 711, 728 (Bankr.W.D. Tex. 2009) (stating that a false representation need not be intentional to be actionable under 1692e (citing *Pittman v. J.J. Mac Intyre Co.*, 969 F.Supp. 609, 613 (D. Nev. 1997)). As such, "the defendant's culpability is a consideration only in computing damages under the FDCPA." *Pittman*, 969 F.Supp. at 613 (citing 15 U.S.C. 1692k(b)).

### COUNT II—VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

27. 15 U.S.C. §1692(f) of the FDCPA provides as follows:

**UNFAIR PRACTICES**

**(f) A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.**

28. Plaintiff alleges that the filing of the underlying state court lawsuit to collect the Alleged Debt in conjunction with the transmission of false credit information, collectively demonstrates unfair and unconscionable conduct in violation of 15 U.S.C. §1692f.


### REQUEST FOR ATTORNEYS' FEES

29. Plaintiff seeks reasonable attorneys' fees FDCPA and any other legal basis.


### TRIAL BY JURY

30. Plaintiff is entitled to and hereby demands a trial by jury.

## **PRAYER**

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Maulinkumar M. Rao,

respectfully prays that the Defendant, Midland Credit Management, Inc., be cited to appear and

answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff

against Defendant as follows:

a. The Court award Plaintiff actual and statutory damages pursuant to 15 U.S.C.

§1692(k)(a)(1) and (a)(2);

b. The Court award Plaintiff, costs, and reasonable attorneys' fees pursuant to 15 U.S.C.

§1692(k)(a)(3) and any other applicable statute or legal basis;

c. The Court award Plaintiff, prejudgment, and post judgment interest as allowed by

law;

d. The Court grant Plaintiff, such further relief to which Plaintiff may be justly entitled.


Respectfully submitted,

/s/Brent A. Devere
Brent A. Devere
SBN#00789256
1411 West Avenue, Suite #200
Austin, Texas 78701
Ph: 512-457-8080 Fax: 512-457-8060
Email: BDevere@1411west.com
Attorney for Plaintiff

*Maulinkumar M. Rao*